## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENEAN C. PLEDGER,

        Plaintiff,

v.

FCA US LLC – UAW PENSION
AGREEMENT,

        Defendant.

_____/

Case No.

Hon.


Oakland County Circuit Court
Case No.: 20-180475-CZ

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, the FCA US LLC – UAW PENSION AGREEMENT ("Pension Plan"), by its attorneys, hereby gives notice of the removal of this action from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan.  In support of its Notice of Removal to Federal Court, the Pension Plan states as follows:

1.    Plaintiff Denean C. Pledger ("Plaintiff") filed the instant lawsuit against the Pension Plan alleging that she is entitled to benefits under the terms of the Pension Plan.  (Exhibit 1)

2.     The Pension Plan is an "employee pension benefit plan" as that term is defined in § 3(2)(A) of ERISA, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1002(3)(2)(A).  (Exhibit 1, ¶ 2)

3.     Plaintiff's claim for benefits from the Pension Plan, as set forth in the Complaint, is an ERISA action to "clarify [her] rights to future benefits under the terms of the plan."  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  (Exhibit 1,¶ 6)

4.      The Complaint expressly alleges jurisdiction pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1) and ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  (Exhibit 1, ¶ 6)

5.     Pursuant to 28 U.S.C. § 1441(b), this action is properly subject to removal because it is a civil action relating to the assets of an "employee pension benefit plan" over which this Court has original jurisdiction pursuant to 29 U.S.C. § 1132(e).

6.     Pursuant to 28 U.S.C. §1441(b), Plaintiff's rights in this action against the Pension Plan are governed by the laws of the United States, and must be adjudicated pursuant to the requirements of ERISA such that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

2

7.      This Court may exercise jurisdiction under ERISA pursuant to 29 U.S.C. § 1132(f), without respect to the amount in controversy or the citizenship of the parties.

8.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of the date the Pension Plan received the Summons and Complaint via mail on April 6, 2020.

9.      Pursuant to 28 U.S.C. § 1446(a), the Pension Plan files, as Exhibit 1, copies of all relevant processes and pleadings served upon it thus far.

10.     Pursuant to 28 U.S.C. § 1446(d), the Pension Plan is providing written notice of this Notice to all parties, and filing a copy with the Clerk of the Oakland County Circuit Court.

FP 37770194.3

WHEREFORE, the Pension Plan, by its attorneys, hereby gives notice of the removal of this action from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan, and requests all further or different relief as the Court may deem proper and just.

Respectfully Submitted,

FISHER & PHILLIPS, LLP

/s/ William E. Altman_____
William E. Altman (P52788)
31780 Telegraph Rd., Ste 200
Bingham Farms, MI 48025
(248) 433-8710
waltman@fisherphillips.com
Attorney for Defendant

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Lawrence J. Breskin</u>.  I also hereby certify that I am contemporaneously electronically filing the foregoing paper with the following non-ECF participants: <u>Clerk of the Oakland County Circuit Court</u> and mailing it to <u>Lawrence J. Breskin.</u>

Respectfully Submitted,

FISHER & PHILLIPS, LLP

<u>/s/ William E. Altman_____</u>
William E. Altman (P52788)
31780 Telegraph Rd., Ste 200
Bingham Farms, MI 48025
(248) 433-8710
waltman@fisherphillips.com
Attorney for Defendant

5

**<u>EXHIBIT 1</u>**

FILED   Received for Filing   Oakland County Clerk   3/31/2020 3:57 PM

| Approved, SCAO | Original - Court 1st copy - Defendant | 2nd copy - Plaintiff 3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN** JUDICIAL DISTRICT 6th   JUDICIAL CIRCUIT COUNTY PROBATE | **SUMMONS** | **CASE NO.** 2020-180475-CZ |
|---|---|---|

**Court address**
1200 North Telegraph Road, Pontiac, Michigan 48341-0404

**Court telephone no.**
248 858-0344

| Plaintiff's name(s), address(es), and telephone no(s). DANEAN C. PLEDGER | v | Defendant's name(s), address(es), and telephone no(s). FCA US LLC - UAW PENSION AGREEMENT CIMS 485-08-64, 1000 Chrysler Drive Auburn Hills, Michigan 48326-2766 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no. LAWRENCE J. BRESKIN   P30413 P.O. Box 36192 Grosse Pointe, Michigan 48236 313 881-3669 | | This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling. |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer   pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 3/31/2020 | Expiration date* JUN 30 2020 | Court clerk Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No.2020-180475-CZ |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint
_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

STATE OF MICHIGAN
IN THE 6th CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**DENEAN C. PLEDGER,**                                  2020-180475-CZ

                          **Plaintiff,**               JUDGE LEO BOWMAN

                                          **Case No.**                 **CZ**

v.

                                          **HONORABLE**

**FCA US LLC - UAW PENSION
AGREEMENT,**

_____ **Defendant./**
Lawrence J. Breskin   P30413
Attorney for Plaintiff
P.O. Box 36192
Grosse Pointe, MI 48236
313 881-3669
LJBreskin@gmail.com _____/

FILED    Received for Filing    Oakland County Clerk    3/24/2020 3:13 PM

### PLAINTIFF'S COMPLAINT

    Plaintiff Denean C. Pledger, by and through her attorney, Lawrence J. Breskin, states her Complaint, as follows:

### PARTIES AND NATURE OF CLAIM

    1.    Plaintiff Denean C. Pledger is an individual residing in the City of Las Vegas, County of Clark, State of Nevada 89123.

    2.    Defendant FCA US LLC - UAW Pension Agreement (hereinafter the "FCA - UAW Pension Plan") is a defined benefit pension plan as that term is defined by the Employee Retirement Income Security Act of 1976, as amended, 29 USC § 1001, et. seq. (hereinafter "ERISA").  The sponsor of the FCA - UAW Pension Plan is FCA US LLC, 1000 Chrysler Drive, CIMS 485-08-64, Auburn Hills, Michigan 48326-2766.

3.　　　This is an action to clarify Plaintiff Denean C. Pledger's rights to future benefits under the terms of the Defendant FCA - UAW Pension Plan.

4.　　　Based upon information and belief, the amount of benefits in controversy exceeds Twenty-five Thousand ($25,000.00) dollars.

5.　　　There is no other pending or resolved civil action arising out of the trans-action or occurrence alleged in the complaint.

## JURISDICTION AND VENUE

6.　　　Plaintiff's action to clarify her rights to future benefits under the terms of the plan arises under ERISA § 502(a)(1)(B), 29 USC § 1132(a)(1)(B). This Court has jurisdiction pursuant to ERISA § 502(e)(1), 29 USC § 1132(e)(1), and venue is proper pursuant to MCL 600.1621.

## COUNT I
## ACTION TO CLARIFY RIGHTS TO PENSION BENEFITS

7.　　　Plaintiff Denean C. Pledger began employment at Chrysler Corporation on April 10, 1995.

8.　　　Through her employment at Chrysler Corporation and its successors, Denean C. Pledger was eligible to become a participant and earn credited service in the FCA - UAW Pension Plan.

9.　　　The FCA - UAW Pension Plan requires 5 years (60 months) of credited service to receive a deferred vested pension.

10.　　In its April 10, 2019 determination letter, the FCA - UAW Pension Plan acknowledged that Denean C. Pledger had earned 51 months of Service Credit and 56 months of Vesting Service for actively working at Chrysler, as follows:

-2-

| Plan Year | Months of Service Credit | Months of Vesting Service |
|---|---|---|
| 2000 | 3 | 3 |
| 1999 | 8 | 12 |
| 1998 | 5 | 5 |
| 1997 | 12 | 12 |
| 1996 | 12 | 12 |
| 1995 | 11 | 12 |
| Total | 51 | 56 |

11.    In its April 10, 2019 determination letter, the FCA - UAW Pension Plan acknowledged that employees are also entitled to credited service for periods covered by an award of "Back Pay", in addition to periods actively worked by the employee.

12.    On March 27, 2001, FCA's predecessor (DaimlerChrysler Corporation) paid "Back Pay" to Denean C. Pledger under the terms of a General Release of All Claims, Settlement and Non-Disclosure Agreement.

13.    In an arbitrary, capricious, and bad faith violation of the terms of its plan, the FCA - UAW Pension Plan refused to award credited service to Denean C. Pledger for the periods covered by the "Back Pay" paid by FCA's predecessor (DaimlerChrysler Corporation).

14.    If the FCA - UAW Pension Plan had properly credited Denean C. Pledger with service for the "Back Pay" paid by FCA's predecessor (DaimlerChrysler Corporation), then Denean C. Pledger would have more than 5 years (60 months) of credited service, and would properly be entitled to a deferred vested pension.

15.    Denean C. Pledger filed an administrative appeal with the FCA - UAW Pension Plan asserting that she had been awarded back pay, that she was entitled to an award of credited service for the periods covered by back pay, that she had earned

- 3 -

more than five years (60 months) of credited service as a result of the back pay award, and that she was entitled to a pension benefit.

16.     On May 24, 2019, Denean C. Pledger's attorney submitted a supplemental letter, by fax and U.S. Mail, in support of Denean C. Pledger's appeal.

17.     On May 29, 2019, Susan Robles from the FCA - UAW Pension Plan called Denean C. Pledger, and stated that Denean C. Pledger's appeal had been denied.

18.     Later on May 29, 2019, Denean C. Pledger received a letter from the FCA - UAW Pension Plan which also stated that Denean C. Pledger's appeal had been denied, that no further appeals were permitted, and that she could now file a lawsuit.

19.     During a telephone conversation on June 13, 2019, the FCA - UAW Pension Plan informed Pledger's attorney that his supplemental letter had arrived too late to be considered as a part of Pledger's appeal, that the FCA - UAW Pension Plan was unwilling to reopen the appeal to consider the supplemental letter, and that Pledger's only option for pursuing her pension rights was to file a lawsuit.

Wherefore, Plaintiff Denean C. Pledger respectfully prays that the Court enter judgment in favor of Plaintiff Denean C. Pledger, and against Defendant FCA US LLC - UAW Pension Agreement, clarifying that Plaintiff Denean C. Pledger's is entitled to credited service for the periods covered by her back pay award, that Plaintiff Denean C. Pledger has a right to future benefits under the terms of the FCA US LLC - UAW Pension Agreement, and that Denean C. Pledger is entitled to an award of attorney fees under ERISA § 502(g)(1), together with litigation costs and statutory interest.

-4-

Respectfully submitted,

/s/Lawrence J. Breskin
Lawrence J. Breskin   P30413
Attorney for Plaintiff
P.O. Box 26192
Grosse Pointe, Michigan 48236
313 881-3669
LJBreskin@gmail.com

March 24, 2020